IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL HARPER, IDOC # B03541,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   CIVIL NO. 12-63-GPM |
| | ) |
| **DANNY J. BEDINGER, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Michael Harper, a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is incarcerated in the Stateville Correctional Center, brings this action pro se pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights by persons acting under color of state law. Harper's complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face

"when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Though a court must accept a plaintiff's factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Also, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. The factual allegations of a pro se complaint must be liberally construed. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

According to the allegations of Harper's pro se complaint, on December 21, 2010, while Harper was incarcerated at the Menard Correctional Center ("Menard"), Harper was issued a disciplinary report by Defendant Danny J. Bedinger, a guard at Menard. On December 24, 2010, Harper appeared before an adjustment committee consisting of Defendants Jack D. Ashby and Tonya D. Kenner, both of whom are guards at Menard. Harper was found guilty of the disciplinary charge against him, and the adjustment committee recommended that Harper be sentenced to C-grade status, disciplinary segregation, and restrictions on his commissary privileges for six months. On December 30, 2010, the adjustment committee's recommended sentence was approved by Defendant David A. Rednour, the warden of Menard. On February 14, 2011, Harper grieved his disciplinary sentence to Defendant Jeannette Cowan, a grievance officer at Menard, who refused to act on Harper's grievance. Harper then appealed his grievance to the IDOC's administrative review board, and directed numerous inquiries about the status of his appeal to Defendant Gina Allen, an administrative review board member; Harper received no reply to his

inquiries. Harper alleges procedural irregularities in the disciplinary proceedings leading to his sentence, and claims that his due process rights have been violated by Defendants. The Court concludes that this action must be dismissed.

In general, a plaintiff convicted or sentenced for an offense may not bring an action for damages under 42 U.S.C. § 1983 where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," save when "the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The rule of *Heck v. Humphrey* "is intended to prevent collateral attack on a criminal conviction through the vehicle of a civil suit." *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006). The *Heck* rule extends to civil rights claims arising out of prison disciplinary hearings, if those claims necessarily call into question the validity of sentences imposed by prison authorities for infractions of prison discipline. *See Edwards v. Balisok*, 520 U.S. 641, 645-48 (1997); *Dixon v. Chrans*, 101 F.3d 1228, 1230-31 (7th Cir. 1996); *Clayton-El v. Fisher*, 96 F.3d 236, 242-45 (7th Cir. 1996); *Miller v. Indiana Dep't of Corr.*, 75 F.3d 330, 331 (7th Cir. 1996). In this instance, Harper does not allege that the prison disciplinary sentence of which he complains has been invalidated, and thus his Section 1983 claim is *Heck*-barred.[1]

---

1. The fact that, under *Heck*, Harper's sole federal remedy for the complained-of violation of his constitutional rights is habeas corpus does not mean, of course, that this Court is authorized to construe Harper's complaint under 42 U.S.C. § 1983 as a petition brought under 28 U.S.C. § 2254. "[W]hen a suit that should have been prosecuted under the habeas corpus statute is prosecuted as a civil rights suit instead, it should not be 'converted' into a habeas corpus suit and decided on the merits." *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Instead, the civil rights suit "should simply be dismissed, leaving to the prisoner to decide whether to refile it as a petition for habeas corpus. The reasons are various, and include the fact that habeas corpus for state prisoners requires exhaustion of state remedies and that prisoners generally are limited to seeking federal habeas corpus only once." *Id*.

Even if Harper's claim under 42 U.S.C. § 1983 were not *Heck*-barred, he nonetheless has failed to state a claim for a violation of due process. To prevail on a claim of a violation of the right to due process, a prisoner must show that he or she possesses a protected liberty or property interest and has been deprived of that interest without due process. *See Zinermon v. Burch*, 494 U.S. 113, 125 (1990); *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). As noted, the disciplinary sentence at issue in this case consisted of demotion to C-grade status, disciplinary segregation, and restrictions on Harper's commissary privileges for six months. With respect to segregation, as a rule, a prisoner has no protected liberty interest in remaining in the general population of a prison, except in rare cases where "segregation conditions . . . constitute an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Thomas v. Ramos*, 130 F.3d 754, 760 (7th Cir. 1997) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). The United States Court of Appeals for the Seventh Circuit has recognized that "an inmate's liberty interest in avoiding segregation [is] very limited or even nonexistent," and terms of segregated confinement of six months or less generally do not implicate due process. *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 & n.2 (7th Cir. 2009) (collecting cases). Similarly, Harper's six-month demotion to C-grade does not implicate a due process liberty interest. *See Whitford v. Boglino*, 63 F.3d 527, 533 n.7 (7th Cir. 1995) ("Whitford's demotion to C grade for six months did not implicate his federal due process rights."). Finally, Harper does not have a protectible due process liberty interest in his commissary privileges. *See Thigpen v. Walker*, Civil No. 07-162-DRH, 2007 WL 773390, at *2 (S.D. Ill. Mar. 12, 2007) (a one-year denial of a prisoner's commissary privileges does not implicate a due process liberty interest). This action will be dismissed.

To conclude, pursuant to 28 U.S.C. § 1915A, the Court finds that Harper's complaint is frivolous. Therefore, this action is **DISMISSED with prejudice**. Harper is advised that the dismissal of this case will count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED:  January 27, 2012

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge